J. Irwin Shapiro, J.
This is a motion by the defendant at the end of the plaintiffs’ case to dismiss the complaint on the ground that the plaintiffs have failed to prove the causes of action therein alleged.
The plaintiff Grace B. Brewi, a resident of New York, and her sister, the defendant here, drove to the State of Florida for a vacation. While vacationing in Florida there was a collision between the defendant’s automobile, driven by her, and another motor vehicle, as a result of which plaintiff, a passenger in her sister’s vehicle, was injured.
The complaint, having been drawn prior to the decision in Babcock v. Jackson (12 N Y 2d 473), alleges that the accident happened through the gross negligence of the defendant.
Under Florida law a guest may not recover against her host in the absence of a showing of gross negligence.
The first point made by the defendant on this motion is that since the plaintiffs’ complaint alleges gross negligence on the part of the defendant and since, concededly, the proof fails to substantiate that allegation, it must be dismissed. The defendant also contends that the Babcock case must be limited to its own facts, to wit, a case in which the foreign jurisdiction entirely bars a guest’s right to recover.
In Ontario, Canada, where the Babcock automobile accident occurred, there was no right to recover in a guest-host situation. That is a distinguishing factor from our case in which the State of Florida permits a recovery in a guest-host situation, but only upon a showing of gross, as distinguished from ordinary negligence. That, however, is a distinction without a difference for the Florida statute, if held to be here applicable, just as effectively bars the plaintiffs’ right to recover as did the Ontario statute in the Babcock case since it would mandate proof of gross negligence and its absence would bar or preclude a recovery.
*123 While there is language in the majority opinion in the Babcock ease which may lend support to the defendant’s position (see dissenting opinion of Van Voorhis, J.), footnote 14 (p. 484) of the majority opinion expressly and explicitly declares that “It of course follows from our decision herein that, given the facts of the present case, the result would be the same and the law of New York applied where the foreign guest statute requires a showing of gross negligence.”
Since the plaintiff Grace R. Brewi and the defendant were and are both residents of New York State and began and ended their trip there, as was their intention at its outset, and since the State of Florida, the place where the injury was occasioned, was entirely fortuitous (Kilberg v. Northeast Airlines, 9 N Y 2d 34), the law of the State of New York governs the plaintiffs ’ right to recover here.
There being a factual issue as to the defendant’s negligence in the operation of her automobile at the time and place where plaintiff Grace R. Brewi was injured, the motion to dismiss must be denied. The fact that plaintiffs have pleaded gross negligence does not obligate them to prove that fact when lesser proof, to wit, proof of ordinary negligence, makes out a cause of action. Let the trial proceed. The motion is denied.